IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL S. JENSEN,<br><br>                 Petitioner,<br>v.<br><br>UTAH COURT OF APPEALS, FIFTH JUDICIAL DISTRICT COURT, IN AND FOR WASHINGTON COUNTY, STATE OF UTAH, and WELLS FARGO BANK, N.A.,<br><br>                 Respondents. | Case No. 2:12-cv-00366-DN<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**<br><br>District Judge David Nuffer |

This order GRANTS Wells Fargo Bank, N.A.'s motion to dismiss ("Motion").[1]

**Background**

This matter arises out of a Utah state court proceeding that Wells Fargo Bank, N.A. ("Wells Fargo") initiated against Michael S. Jensen ("Jensen") and Stratton-Jensen, LLC in the Fifth Judicial District Court in Washington County, Utah.[2] Wells Fargo filed the state court action against Jensen and Stratton-Jensen, LLC on May 20, 2011.[3] Wells Fargo sought a deficiency judgment against Jensen and Stratton-Jensen, LLC after the foreclosure of real property.[4] Wells Fargo filed a motion for summary judgment and on September 23, 2011, the state court entered an order granting the motion.[5]

---

[1] Motion to Dismiss ("Motion"), docket no. 5, filed May 2, 2012.

[2] Memorandum in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss ("Supporting Memorandum") at 2, docket no. 6, filed May 2, 2012.

[3] *Id*. at 3; State court docket, docket no. 6-1.

[4] Supporting Memorandum at 2.

[5] Supporting Memorandum at 4; State court docket, docket no. 6-1.

In an effort to appeal the Fifth Judicial District's ruling on the motion for summary judgment, Jensen filed a Writ of Error Coram Vobis with the Utah Supreme Court on October 17, 2011.[6] The Utah Supreme Court transferred the matter to the Utah Court of Appeals on December 13, 2011.[7] On December 16, 2011, the Utah Court of Appeals, sua sponte, filed a Motion for Summary Disposition.[8] The Utah Court of Appeals stated the "grounds for review are so insubstantial as not to merit further proceedings and consideration by this court"[9] and directed each party to file a memorandum "explaining why summary disposition should, or should not, be granted by the court."[10] The filing deadline for the memoranda was January 6, 2012.[11] Both parties filed their respective memoranda on or before January 6, 2012.[12]

On Feb. 16, 2012, the Utah Court of Appeals issued a Per Curiam Decision affirming the Fifth District Court's grant of summary judgment in favor of Wells Fargo.[13] Jensen subsequently filed an Objection to Per Curiam Decision and a Motion to Reevaluate Jensen's Evidence with the Utah Court of Appeals on March 1, 2012.[14] The Utah Court of Appeals denied Jensen's motion on March 7, 2012.[15]

---

[6] Supporting Memorandum at 4; State court docket, docket no. 6-1; State appellate court docket, docket no. 6-4.

[7] Supporting Memorandum at 4; Supreme Court's Order, docket no. 1-3.

[8] Supporting Memorandum at 4; Sua Sponte Motion for Summary Disposition, docket no. 6-5.

[9] Sua Sponte Motion for Summary Disposition, docket no. 6-5.

[10] *Id*.

[11] *Id*.

[12] Supporting Memorandum at 4-5; State appellate court docket, docket no. 6-4.

[13] Supporting Memorandum at 5; Per Curiam Decision, docket no. 6-6.

[14] Supporting Memorandum at 5; State appellate court docket, docket no. 6-4.

[15] Supporting Memorandum at 5; State appellate court docket, docket no. 6-4.

After the motion to reevaluate was denied, Jensen filed a petition in this court seeking review of the Utah Court of Appeals' ruling in the state court action.[16] Jensen asserts that this Court has appellate jurisdiction over this matter as the "next higher tribunal from the Supreme Court/Appellate Court of the State of Utah."[17] In support of its Motion to Dismiss, Wells Fargo argues that this court lacks subject-matter jurisdiction over final decisions in state court proceedings. Wells Fargo therefore seeks dismissal under Federal Rule of Civil Procedure 12(b)(1).[18]

## Discussion

It is well settled that subject-matter jurisdiction may be "challenged by a party or raised sua sponte by the court at any point in the proceeding."[19] In this case, there is no arguable legal basis for relief on Jensen's claims because the court lacks subject-matter jurisdiction over them.

### a. Writ of Error Coram Vobis

Jensen is appearing pro se, so the Court construes his pleadings liberally.[20] In his Verified Petition, styled as a petition for a writ of error coram vobis, Jensen seeks review of the deficiency judgment entered against him in the state court case. The Utah Supreme Court has defined the writ of coram nobis (and by analogy coram vobis)[21] as a writ that "seeks to obtain a

---

[16] Verified Petition for Appeal by Writ of Error Coram Vobis Against the Named Respondents ("Verified Petition"), docket no. 1, filed April 17, 2012.

[17] *Id*. at 3, ¶ 7.

[18] Supporting Memorandum at 7-11.

[19] *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

[20] *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[21]
> In Latin, "coram nobis" means "before us." Originally, the petition was submitted in the court of the King's Bench, or "before us" in the sense of being before the King. In contrast, the writ of coram vobis, an analogous procedure, was brought before judges of the court of Common Pleas, or "before you." The distinction between these terms is virtually meaningless in the American context.

review of a judgment on the ground that certain mistakes of fact have occurred which were unknown to the court and to the parties affected, and that but for such mistakes the judgment would not have been rendered."[22] As Wells Fargo argues, no mistakes of fact occurred in this case that were unknown to the parties. In fact, there were no mistakes of fact whatsoever. All facts were known and presented to the Fifth Judicial District Court and the Utah Court of Appeals. Both courts ruled in favor of Wells Fargo.

Moreover, under Rule 60(e) of the Federal Rules of Civil Procedure, writs of error coram vobis have been abolished in current federal civil practice. Thus, the writ of error coram vobis is an antiquated legal doctrine that provides no basis for a federal court claim.

### b. Subject-Matter Jurisdiction

"[Federal district] and appellate courts have limited subject matter jurisdiction and may only hear cases when 'empowered to do so by the Constitution and by act of Congress.'"[23] Additionally, the "party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[24] As Wells Fargo argues, this case presents no federal question and there is no diversity of citizenship.[25] Thus, there is no basis for this court's subject matter jurisdiction.

---

*Embrey v. United States*, 240 Fed. Appx. 791, 794 n.1 (10th Cir. 2007).

[22] *State v. Woodard*, 160 P.2d 432, 433 (Utah 1945).

[23] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) (quoting 16 James Wm. Moore, *Moore's Federal Practice* § 108.04(2) (3d ed. 2003)).

[24] *Radil*, 384 F.3d at 1224.

[25] See 28 U.S.C. §§ 1331, 1332.

In opposition to the Motion, Jensen attempts to articulate a due process claim which he argues presents a federal question.[26] Jensen did not claim a due process violation in his Verified Petition, so this claim is improperly raised at this stage of the proceedings. Nevertheless, the Court construes Jensen's pro se pleadings and filing papers liberally and will address Jensen's alleged due process claim.

Citing to the due process clauses in the Fifth and Fourteenth Amendments, Jensen argues that the deficiency judgment from the state court case deprives him of his right to property without due process of law.[27] Jensen specifically argues

> [T]his Honorable Court will clearly see that the Fifth Judicial District Court, the Utah Supreme Court, and the Utah Court of Appeals individually and in concert deprived, unabashedly and without fear of being hindered in their action, Jensen of his "day in Court" to prevent violation of his Right afforded by the Fifth Amendment to the U.S. Constitution, which is "*no person shall be. . . . .( deprived of life; liberty, or property, without due process of law.*" Jensen is of the opinion that he has the right to have his Petition carefully and thoroughly studied.[28]

Wells Fargo argues that Jensen did in fact receive due process in the state court action and is now trying to appeal the unsatisfactory result.[29] Both Wells Fargo and Jensen lay out the extensive procedural history of the state court case in their respective filings.[30] Jensen had the opportunity to answer Wells Fargo's complaint in the state court proceeding, which he did. He likewise had the opportunity to oppose Wells Fargo's

---

[26] Objection to Respondent's Motion to Dismiss Under FRCP Rule 12(b)(1) ("Opposition Memorandum") at 2-3, ¶¶ 5-7, docket no. 13, filed May 11, 2012. The court notes that Jensen also filed a First Supplemental Memorandum to the Objection to Respondent's Motion to Dismiss Under FRCP Rule 12(b)(1), docket no. 18, filed May 16, 2012. This supplemental opposition was improperly filed because Jensen did not have leave of this court to file it. (See DUCivR 7-1(b)(3)(A)). Due to Jensen's pro se status, the court has nevertheless considered the supplemental memorandum.

[27] Opposition Memorandum at 3, ¶ 7.

[28] *Id*. at 10-11, ¶ 34 (emphasis in original).

[29] Reply Memorandum in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss ("Reply Memorandum"), docket no. 14, filed May 15, 2012 at 2-3.

[30] Supporting Memorandum at 3-6, ¶¶ 1-26; Opposition Memorandum at 6-7, ¶¶ 20-22; Exhibits to Verified Petition, docket nos. 1-3, 1-4, 1-6, and 1-7.

motion for summary judgment, which he did. After the trial court granted summary judgment in favor of Wells Fargo, Jensen filed a writ with the Utah Supreme Court which was treated as an appeal. The Utah Supreme Court transferred the case to the Utah Court of Appeals. In the Utah Court of Appeals, Jensen was afforded the opportunity to file a memorandum explaining why summary disposition should not be granted. Jensen took advantage of that opportunity by filing a memorandum in opposition to summary disposition. When the Utah Court of Appeals ruled against him, Jensen filed an objection to its decision which was denied. As Wells Fargo asserts, "[Jensen] ha[s] been afforded due process throughout the entirety of this matter. [Jensen] cannot claim lack of due process simply because each court has ruled against him, or because he has failed to follow proper procedures, which every litigant is required to follow, whether represented by counsel or not."[31]

After a careful and thorough study of Jensen's Verified Petition, it is clear Jensen has been afforded due process. There is an extensive record of the state court proceedings in this matter and even a liberal reading of Jensen's Opposition Memorandum belies the conclusion he has suffered a due process violation.

### c. Jensen's Claims Are Barred by the *Rooker-Feldman* Doctrine

Federal district courts are "empowered to exercise original, not appellate, jurisdiction."[32] The *Rooker-Feldman* doctrine[33] prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[31] Reply Memorandum at 3; see *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating that pro se litigants must follow the same rules as other litigants.

[32] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

[33] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

commenced and inviting district court review and rejection of those judgments."[34] Specifically, "the *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction over claims that seek, in substance, appellate review of final state-court judgments."[35] Although 28 U.S.C. § 1257(a) grants the United States Supreme Court the authority to review certain final judgments from the highest court in each state by a writ of certiorari, the *Rooker-Feldman* doctrine prohibits federal district courts from exercising such authority.[36]

In his Verified Petition, Jensen seeks injunctive relief against Wells Fargo and the Utah Court of Appeals. Specifically, Jensen states that "this Honorable Court should issue an injunction to undo the unauthorized sale of Jensen's real property and Order the Bank to cease and desist any attempt to unlawfully collect undue monies."[37] In his opposition to Wells Fargo's Motion, Jensen further argues "the Writ of Error Coram Vobis is commencement of a 'new suit' to set aside the Orders previously issued and set upon the record. Unless abolished by statute this is a Writ of Right applicable to this Court, because jurisdiction is with this Court."[38] Though Jensen attempts to distinguish his Verified Petition from an "appeal" of the state court judgment,[39] this semantic distinction does not change the nature of the relief Jensen requests. Jensen is seeking to overturn the final deficiency judgment entered against him in the state court proceedings.

---

[34] *Exxon Mobil*, 544 U.S. at 284.

[35] *Bear v. Patton*, 451 F.3d 639, 641 n.2 (10th Cir. 2006).

[36] See *Exxon Mobil*, 544 U.S. at 283-84, 292.

[37] Verified Petition at 22-23, ¶ 85.

[38] Opposition Memorandum at 5, ¶ 13.

[39] Opposition Memorandum at 1-2, ¶ 2.

Under the *Rooker-Feldman* doctrine, this Court does not have the authority to set aside the final judgment of the Utah Court of Appeals as Jensen requests. Accordingly, the court lacks subject-matter jurisdiction over Jensen's claims.

### d. Pending Matters in the State Court Proceedings

Supplemental proceedings to collect on the deficiency judgment are still pending in the state court case. These outstanding matters do not defeat the applicability of the *Rooker-Feldman* doctrine.[40] The *Rooker-Feldman* doctrine applies when "a lower state court issues a judgment and the losing party allows the time for appeal to expire."[41] In this case, the decision by the Utah Court of Appeals is final because Jensen failed to file a petition for a writ of certiorari with the Utah Supreme Court within 30 days as required by Utah Rules of Appellate Procedure 45 and 48(a).

### e. Attorney's Fees

Wells Fargo has requested an award of attorney's fees in connection with many of plaintiff's unwarranted filings. While an award is not made in this order, Mr. Jensen is specifically warned that further unwarranted filings in this case or otherwise against Wells Fargo may merit an award of attorney's fees and expenses.

---

[40] *Bear*, 451 F.3d at 642 ("Although the state proceedings have not 'ended' in a general sense because the accounting and distribution of the proceeds of the sheriff's sale remain, a final judgment . . . that was no longer appealable would have invoked *Rooker-Feldman's* jurisdictional bar.").

[41] *Id.* (quoting *Federacion de Maestors de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005)).

**ORDER**

For the reasons stated herein,

IT IS HEREBY ORDERED that Defendant Wells Fargo's Motion to Dismiss[42] is GRANTED.

Dated August 16, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[42] Docket no. 5, filed May 2, 2012.