IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL S. JENSEN,<br><br>    Petitioner,<br><br>v.<br><br>UTAH COURT OF APPEALS, FIFTH JUDICIAL DISTRICT COURT, IN AND FOR WASHINGTON COUNTY, STATE OF UTAH, and WELLS FARGO BANK, N.A.,<br><br>    Respondents. | Case No.  2:12-cv-00366-DN<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS UTAH COURT OF APPEALS AND FIFTH JUDICIAL DISTRICT COURT'S MOTION TO DISMISS and TERMINATING ALL OTHER PENDING MOTIONS AS MOOT**<br><br>District Judge David Nuffer |

The Utah Court of Appeals and the Fifth Judicial District Court in and for Washington County, State of Utah's motion to dismiss ("Motion") is GRANTED in this order.[1]

**Background**

This matter arises out of a Utah state court proceeding in which Wells Fargo Bank, N.A. ("Wells Fargo") obtained a deficiency judgment against Michael S. Jensen ("Jensen") and Stratton-Jensen, LLC in the Fifth Judicial District Court ("District Court") in Washington County, Utah following the foreclosure of real property.[2]  The District Court's judgment was

---

[1] Motion to Dismiss ("Motion"), docket no. 10, filed May 9, 2012.

[2] Memorandum in Support of Wells Fargo Bank, N.A.'s Motion to Dismiss ("Wells Fargo Supporting Memorandum"), docket no. 6, filed May 2, 2012 at 2.

affirmed by the Utah Court of Appeals.[3]  Jensen then filed a petition in this court seeking review of the state court judgment.[4]

In support of dismissal, the Utah Court of Appeals and the Fifth Judicial District Court (collectively the "Judicial Respondents") argue that (1) this Court lacks subject-matter jurisdiction over final decisions in state court proceedings; (2) the claims are barred by the *Rooker-Feldman* doctrine; and (3) even if Jensen's claims could survive those subject-matter jurisdiction challenges, the claims are nonetheless barred by the *Younger* abstention doctrine.[5] Judicial Respondents, therefore, seek dismissal.

### Discussion

Jensen is appearing pro se, so his pleadings are construed liberally.[6]  Pro se litigants, however, must "follow the same rules of procedure that govern other litigants."[7]  That is, if the court can "reasonably read the pleadings to state a valid claim on which [Jensen] could prevail, it should do so despite [Jensen's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8]  It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."[9]

---

[3] The complete procedural and factual background is set forth in this Court's Memorandum Decision and Order Granting Wells Fargo Bank N.A.'s Motion to Dismiss ("Memorandum Decision") at 1-3, docket no. 66, filed August 16, 2012.

[4] Verified Petition for Appeal by Writ of Error Coram Vobis Against the Named Respondents ("Verified Petition"), docket no. 1, filed April 17, 2012.

[5] Memorandum in Support of Motion to Dismiss ("Supporting Memorandum"), docket no. 11, filed May 9, 2012.

[6] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[7] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

In this case, there is no arguable legal basis for relief on Jensen's claims against Judicial Respondents because this court lacks subject-matter jurisdiction over those claims.  It is well settled that subject-matter jurisdiction may be "challenged by a party or raised sua sponte by the court at any point in the proceeding."[10]  Additionally, the *Rooker-Feldman* doctrine[11] prohibits federal district courts from engaging in appellate review of final state court judgments.  Further, even if Jensen's claims could survive those challenges, the claims would still be barred by the *Younger* abstention doctrine.[12]  Dismissal, therefore, is appropriate.

### a.  Subject-Matter Jurisdiction

"[Federal district] and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress."[13] Additionally, the "party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[14]

In response to the Judicial Respondents' Motion, Jensen attempts to articulate a due process claim that he argues is a federal question.[15]  Jensen did not claim a due process violation in his Verified Petition, so this claim is improperly raised at this stage of the proceedings. Nevertheless, the court construes Jensen's pro se pleadings and motion papers liberally, and will address Jensen's alleged due process claim.

---

[10] *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

[11] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[12] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

[13] *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) (quoting 16 James Wm. Moore, *Moore's Federal Practice* § 108.04(2) (3d ed.2003)).

[14] *Radil*, 384 F.3d at 1224.

[15] Opposition to Appellate Court's Motion to Dismiss ("Opposition Memorandum") at 11-12 ¶ 35, docket no. 26, filed May 21, 2012.

Citing to the due process clause in the Fifth Amendment, Jensen responds to Judicial Respondents' Motion by arguing

> Here again we are being subjected to an off-point, unconvincing, and distorted perception that in and of itself attempts to withhold rights afforded by the Fifth Amendment to the U.S. Constitution, which is "*no person shall be..... deprived of life; liberty, or property, without due process of law*".  Jensen is Petitioning this Court to give his matter real Due Process of Law.  Thus far rushing the matter through the court system and ignoring the weight of the statutory law and the case law does not provide real due process of law.[16]

Further, Jensen attempts to impugn the integrity of Judicial Respondents by suggesting the District Court, the Appellate Court, and the Supreme Court all failed to follow proper appellate procedures.[17]  Jensen also suggests Supreme Court was not "honorable, ethical, and [did not] act with integrity when reconsidering the matter before it."[18]  Finally, Jensen attempts to discredit the entire "Utah State Court system" by alleging he has not received notice of filings in a timely matter because "placing [Orders and Notices] in the . . . mail within a reasonable time has not been happening."[19]  Jensen pointedly asks whether "this [is] one of the devious methods the legal system uses to eliminate those who are not members of the Utah Bar from defending themselves in the State Courts?"[20]  Jensen clearly implies the "Utah State Court system" intentionally uses mail delays to deprive him, and all other pro se litigants, of due process.

Judicial Respondents contend Jensen did in fact receive due process for Wells Fargo's claims against Jensen and is now trying to appeal the unsatisfactory result.[21]  As

---

[16] *Id.*

[17] *Id.* at 5, ¶¶ 14, 17.

[18] *Id.* at 3, ¶ 11.

[19] *Id.* at 4, ¶ 12.

[20] *Id.*

[21] Supporting Memorandum at 3.

more thoroughly discussed in the court's Memorandum Decision and Order Granting Wells Fargo N.A.'s Motion to Dismiss, Jensen had an opportunity to be heard and actively participated at every step of the state court proceedings.[22]  After a careful and thorough study of Jensen's Verified Petition, it is clear Jensen has been afforded due process.

### b.  The *Rooker-Feldman* Doctrine Bars Jensen's Claims

Federal district courts are "empowered to exercise only original, not appellate, jurisdiction."[23]  The *Rooker-Feldman* doctrine prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[24] Specifically, "the *Rooker-Feldman* doctrine divests federal district courts of subject-matter jurisdiction over claims that seek, in substance, appellate review of final state-court judgments."[25]  Although 28 U.S.C. § 1257(a) grants the United States Supreme Court the authority to review certain final judgments from the highest court in each state by a writ of certiorari, the *Rooker-Feldman* doctrine prohibits federal district courts from exercising such authority.[26]

In his Verified Petition, Jensen seeks injunctive relief against Wells Fargo and Judicial Respondents.  Specifically, it is Jensen's position that "this Honorable Court should issue an injunction to undo the unauthorized sale of Jensen's real property and Order the Bank to cease

---

[22] Memorandum Decision at 5-6.

[23] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

[24] *Exxon Mobil*, 544 U.S. at 284.

[25] *Bear v. Patton*, 451 F.3d 639, 641 n.2 (10th Cir. 2006).

[26] See *Exxon Mobil*, 544 U.S. at 283-84, 292.

and desist any attempt to unlawfully collect undue monies."[27]  In his opposition to Judicial

Respondents' Motion, Jensen further argues

> Jensen did not file a "complaint".  His verified "*formal written request addressed to*" this Honorable Court "*for the exercise of the judicial powers*", which is first to review the records from the Fifth Judicial District Court, which dismissed Jensen's claims.  Secondly, review the records allegedly sent to the Supreme Court by the District Court from which the conclusion was formulated within one month, that "*the grounds for review are so insubstantial as not to merit further proceedings and consideration*".  Then, thirdly, review the records the Supreme Court sent to the Appeals Court from which their conclusion was formulated, within three days, and then dismissed Jensen's Writ of Error.  Please note that neither the Supreme Court nor the Appeals Court treated Jensen's Writ of Error as a Writ.  They treated it as an "Appeal".  The two are very distinct.[28]

Judicial Respondents argue that federal district courts lack subject-matter jurisdiction to

adjudicate attempted appeals of final state court judgments.[29]  Judicial Respondents specifically

argue that the Motion should be granted because the "state court judgments were issued before

this action was commenced.  Based on the Rooker-Feldman doctrine, the court does not have

jurisdiction to consider the requested relief."[30]

Though Jensen attempts to distinguish his Verified Petition from an "appeal" of the state

court judgment,[31] this semantic distinction does not change the nature of the relief Jensen

requests.  Jensen seeks to overturn the final deficiency judgment entered against him in the state

court case.  A review of the records from the state court proceedings is by definition a review of

the final state court judgment.  This Court simply does not have the authority to review final state

court judgments.

---

[27] Verified Petition at 22-23, ¶ 85.

[28] Opposition Memorandum at 9, ¶ 27.

[29] Supporting Memorandum at 3.

[30] Supporting Memorandum at 3.

[31] Opposition Memorandum at 9, ¶ 27.

### c. The *Younger* Abstention Doctrine Bars Jensen's Claims

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."[32]  The *Younger* abstention doctrine prohibits a federal court from exercising jurisdiction when three conditions have been met.[33]  "First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution."[34]

Jensen complains that there are still ongoing supplemental proceedings to collect on the deficiency judgment.[35]  Jensen seeks injunctive relief against these proceedings.

Judicial Respondents argue that the *Younger* abstention doctrine dictates that this Court must abstain from exercising jurisdiction over this matter because all three prongs of the Younger test have been satisfied.[36]  First, there are ongoing, post-judgment, collection proceedings related to the deficiency.[37]  Second, Jensen had adequate opportunity to be heard at every stage of the state court case.[38]  Third, Judicial Respondents argue that disputes over property and collection proceedings involve important state interests.[39]

---

[32] *Younger v. Harris*, 401 U.S. 37, 43 (1971).

[33] *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

[34] *Id*.

[35] Verified Petition at 9, ¶ 28.

[36] Supporting Memorandum at 2-3.

[37] Supporting Memorandum at 2.

[38] Supporting Memorandum at 2-3.

[39] Supporting Memorandum at 3.

Jensen has allowed the time to appeal the judgment from the Appellate Court to expire and, therefore, the judgment is final.[40]  The collection proceedings connected to the final judgment, however, are still ongoing.  In this sense, there are ongoing state court proceedings that satisfy the first prong of the *Younger* test.  Further, as discussed at length above, Jensen had adequate opportunity to be heard in the state court proceedings.  Finally, property disputes are typically the purview of state courts and involve important state interests.  Thus, the *Younger* abstention doctrine also dictates that this case should be dismissed.

## ORDER

For the reasons stated herein,

IT IS HEREBY ORDERED that Judicial Respondents' Motion to Dismiss[41] is GRANTED, and the case is DISMISSED for lack of subject matter jurisdiction.  All other pending motions are terminated as moot.[42]

Dated August 17, 2012.

BY THE COURT:

David Nuffer   United States District Judge

---

[40] See *Bear*, 451 F.3d at 642.

[41] Docket no. 10, filed May 9, 2012.

[42] The motions to be terminated as moot include Ex Parte Motion for Temporary Restraining Order Under FRCP Rule 65(B), docket no. 3, filed April 23, 2012; Motion to Compel Discovery Under FRCP 37(a), docket no. 16, filed May 14, 2012; *Emergency* Ex-Parte Request for Temporary Restraining Order, docket no. 17, filed May 14, 2012; Motion to Strike Petitioner's Statement of Facts, docket no. 21, filed May 22, 2012; Motion to strike Petitioner's Second Statement of Facts This Court Needs to Know, docket no. 24, filed May 23, 2012; Second Motion to Compel Discovery Under FRCP 37(a), docket no. 28, filed May 24, 2012; Motion to Strike Petitioner's Analysis of Utah Court of Appeals "Per Curiam" Decision Dated February 16, 2012, docket no. 30, filed May 30, 2012; Motion to Compel Admissions to Jensen's Request for Admissions, docket no. 33, filed May 31, 2012; Motion to Strike Petitioner's Response to Docket Entries Filed by Counsel for Wells Fargo, docket no. 38, filed June 7, 2012; Motion to Strike Petitioner's Supplemental Memorandum to Response to Docket Entries Filed by Counsel for Wells Fargo, docket no. 40, filed June 8, 2012; untitled document requesting production of documents, docket no. 48, filed June 8, 2012; Motion in Limine to Exclude Certain Records from Evidence, docket no. 55, filed June 18, 2012; Motion to Strike Petitioner's Objection to Respondent's Request to Submit for Decision and for Hearing, docket no. 62, filed June 25, 2012.